UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RUSSELL BONER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CV-192 JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Russell Boner, a *pro se* prisoner, filed this habeas corpus case attempting to challenge a prison disciplinary hearing (WCC 14-12-129) where he lost 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. The Respondent acknowledges that this petition is not moot merely because Boner has been released from prison. The Respondent recognizes that this case could proceed if Boner could obtain relief which would shorten the duration of his time on parole. However, the Respondent has moved to dismiss and argues that this petition is moot because Boner's parole will end on May 3, 2016, even if he were to prevail in this case.

The Respondent explains that if Boner has his credit time and credit class restored, the earliest he would have been released to parole would have been May 4, 2015. (DE 10-7.) He then would have had to serve one year of parole and would have been released from parole on May 3, 2016. (*Id.*) Due to the imposed sanctions, however, Boner was released from prison on July 9, 2015. (DE 10-6.) But, he is still scheduled to be released from parole on May 3, 2016. (DE 10-6, 10-7.) So if Boner were to prevail in this case, the date when his parole would end would still be May 3, 2016.

Boner has not responded to the motion to dismiss. Notably, he has not updated his

contact information with the court since his release from prison on July 9, 2015. It is likely that he has not received a copy of the respondent's motion. However, it is Boner's responsibility to keep the court apprised of any change of address. "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y. 2006) (quotation marks and citation omitted).

The records support the facts and dates presented by the Respondent. Therefore the court will accept them as true. Based on those dates, it is clear that this case is moot for the reasons argued by the Respondent. *See Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) ("The best that [Petitioner] can do is to point to the possibility that he might have served a shorter period of incarceration before beginning his period of supervised release. All he can suggest is that prison authorities might have seen fit to grant him a reduction in the days he had to serve. Such a deficiency is not sufficient to establish a continuing controversy . . .. Moreover, even if [Petitioner] had been guaranteed additional good-conduct credits, a ruling in his favor would not redress his injury. The fact remains that he is now released and the amount of time he spent in prison cannot be undone."); *cf. White v. Ind. Parole Bd.*, 266 F.3d 759 (7th Cir. 2001) ("If the disciplinary hearing is deemed defective, the court may order Indiana to terminate White's parole when it would have expired, but for the Board's decision . . .."). In instances when an inmate has been released from custody and the duration of parole will remain unchanged regardless of the outcome of a disciplinary habeas petition, the Seventh Circuit has found a habeas petition to be moot:

> Herbst's petition is moot. Article III of the federal constitution limits the jurisdiction of the federal courts to hearing cases or controversies that remain "live" throughout the lawsuit. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964). Herbst's parole supervisor explains

in an affidavit that his office "discharged Herbst from parole on October 12, 2010, and that Mr. Herbst is no longer under the supervision of this office."

*Herbst v. Sevier*, 430 Fed. Appx. 530 (7th Cir. 2011) (parallel citations and brackets omitted).

For the foregoing reasons, the motion to dismiss (DE 10) is **GRANTED** and the petition (DE 2) is **DENIED as moot**.

SO ORDERED.

ENTERED: August 31, 2015

                                          /s/ JON E. DEGUILIO  
                                          Judge  
                                          United States District Court